■ In the Matter of the Claim of HELEN G. CRUTSHANK, Respondent, v. GYPSUM DECK ASSOCIATES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed November 30, 1970, awarding death benefits to the claimant. The board found: "That decedent was an outside worker, he had wide latitude in performing his work, the automobile was supplied by the employer and the upkeep of the car was paid for by the employer. Furthermore there is no conclusive evidence that there had been a deviation from employment. On the morning of the accident it had been snowing, the roads were slippery and the accident occurred on a curve in the road which made driving hazardous. The board further finds that the accident arose out of and in the course of the employment and was not due solely to intoxication." "Where the reasonable inference from the evidence is that an unwitnessed accident occurred in the course of decedent's employment, the presumption is that it arose out of the employment" (*Matter of Quigley* v. *American Motor Sales Corp.,* 36 A D 2d 668). The record does not contain evidence which would conclusively indicate that the accident was caused by alcoholic intoxication. (See *Matter of Post* v. *Tennessee Prods. & Chem. Corp.,* 19 A D 2d 484, affd. 14 N Y 2d 796; *Matter of Quigley* v. *American Motor Sales Corp., supra; Matter of Dunn* v. *Supervised Investors Servs.,* 34 A D 2d 1067, 1068, mot. for lv. to app. den. 27 N Y 2d 485.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Sweeney and Simons, JJ., concur.